JOHN W. MARTIN, Executor *vs.* N. D. WILBOURNE *et al.*

1. A trustee in the execution of his trust, is bound to carry out honestly and faithfully the purposes contemplated by the grantor, to keep an account of receipts, disbursements, &c., and be ready to produce his accounts when required by the parties interested in the estate.

2. Where the facts connected with the management of a trust estate, are in dispute, and the rights of the parties cannot be readily ascertained without an account, in such case the rule adopted by Courts of Equity, is a reference to the Master and if there is dissatisfaction with the report, the matter may be brought before the Court by proper exceptions.

This was a civil action heard before Mitchell, Judge, at Fall Term 1871, of Wilkes Superior Court.

The complaint alleges that one Wilbourne conveyed to plaintiff's testator a valuable tract of land, in the county of Wilkes, in trust for the defendants who are the wife and children of said Wilbourne. That the conveyance was a voluntary one, and at the time of the execution of the deed Wilbourne was indebted to various persons. That the trustee, to preserve the estate, paid, with the full knowledge of his *cestuis que trust*, a number of the debts of Wilbourne and incurred liabilities which are not yet satisfied. That Wilbourne died insolvent in 1865. Complaint asks judgment for an account, &c. Defendants answer, denying all knowledge of the payment, by plaintiffs' testator, of the debts of Wilbourne.

A replication was filed. The cause was heard upon the complaint, answer and replication. Plaintiff asked for an order of reference, which was opposed by the defendant. The Court ordered the reference, and the defendants appealed to the Supreme Court.

*Armfield* for plaintiff.
*Furches* for defendants.

21

Dick, J. This is a civil action, brought for the settlement of a trust estate. The case was heard upon the complaint, answer and replication of the parties.

The execution of the trust deed is admitted, but the payments made and the liabilities incurred by the trustee are controverted by the *cestuis que trust*. The merits of the controversy are not before us at this stage of the proceedings, as the only matter appealed from is an order of His Honor directing an account of the management of the trust fund.

A trustee is bound in the execution of his trust to carry out the purposes contemplated by the grantor, with honesty and fidelity; to keep regular and accurate accounts of all receipts and payments made by him in the discharge of his duty, and if the estate in his hands is not sufficient for such indemnity, he can hold the *cestuis que trust* personally responsible. *Adams Eq.* 61.

When the facts connected with the management of the trust are in dispute, the rights of the parties cannot be readily ascertained and determined without an account. This is the usual course adopted by Courts of Equity and if any of the parties are dissatisfied with the report of the Master, the cause of objection can be presented by proper exceptions and thus the Court can decide all matters of controversy.

We think this a proper case for an account, and His Honor was right in making the order appealed from. Let this be certified.

Per Curiam·                    Judgment affirmed.